IN RE APPLICATION OF BICKEL.

[Cite as *In re Application of Bickel,* **129 Ohio St.3d 577, 2011-Ohio-4202.**]

*Attorneys at law—Character and fitness investigation of applicants for admission to the bar—Failure to cooperate in investigation.*

(No. 2011-0433—Submitted May 10, 2011—Decided August 31, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 467.

_____

**Per Curiam**.

{¶ 1}   Brandy Ann Bickel of Akron, Ohio, graduated from the University of Akron School of Law in January 2009.  She applied to register as a candidate for admission to the Ohio bar and has filed applications to take the Ohio bar examination in February 2009, July 2009, and most recently in July 2010.  Based upon her failure to cooperate with the admissions process, the Board of Commissioners on Character and Fitness recommends that the application be disapproved but that she be permitted to file a new application *to register as a candidate for admission* and a new application *to take a future bar examination* and also that upon reapplication, she undergo a character and fitness investigation.

{¶ 2}   We accept the board's recommendation and for the following reasons disapprove the applicant's pending application.  However, we also agree that the applicant may apply to take a future bar examination if she submits a new application *to register as a candidate for admission* to the practice of law, submits a new application *to take the bar examination* and cooperates with the admissions process, and submits to a complete character and fitness investigation.

**Summary of Proceedings**

**{¶ 3}** In July 2008, the applicant applied to register as a candidate for admission to the practice of law in Ohio and in October 2008 applied to take the February 2009 bar examination. The Admissions Committee of the Akron Bar Association conducted an investigation of her character and fitness and approved her application. The applicant sat for the February 2009 bar examination, and in April 2009, filed a reexamination application to take the July 2009 bar exam. The admissions committee again approved her application; however, the applicant sent a letter to the Office of Bar Admissions and voluntarily withdrew from the July 2009 bar exam.

**{¶ 4}** In March 2010, the applicant filed a second reexamination application, seeking to take the July 2010 bar exam. The admissions committee again approved her application; however, the Board of Commissioners on Character and Fitness sought additional information regarding her debt history. Specifically, in a letter dated May 26, 2010, the Office of Bar Admissions directed the applicant to submit a letter indicating the present status of her past-due credit-card and student-loan debt and if possible to submit documentation from her creditors reflecting that she had satisfied her past-due debts or had made arrangements to address these issues. The letter also notified the applicant that failure to cooperate with the character and fitness investigation may be grounds for disapproval. On July 12, 2010, the Office of Bar Admissions notified the applicant that because it had not received final approval of her character and fitness, she would be unable to take the July 2010 bar examination.

**{¶ 5}** Thereafter, pursuant to Gov.Bar R. I(10)(B)(2)(e) and the investigatory authority of the board, the board appointed a panel to investigate the applicant's character and fitness, specifically her record of unpaid debts and lack of cooperation in the admissions process. On September 8, 2010, the board notified the applicant by letter that a panel had been appointed and that a hearing would occur on the matter. According to the Panel Report and Recommendation,

"[d]espite repeated e-mail and a message left on her voicemail, the applicant * * * failed to respond to efforts to schedule a telephone conference so that a date or other arrangements for a hearing on her application [could] be scheduled."

**{¶ 6}** As a result, the panel unanimously found that the applicant had failed to cooperate in the character and fitness process and had failed to meet her burden of proving that she has the requisite character and fitness to be permitted to sit for the Ohio bar exam. The panel therefore recommended that her application be denied until the board conducted a hearing regarding her character and fitness. The panel further recommended that the applicant be permitted to reapply for admission by filing a new application to register as a candidate for admission and an application to take the bar examination. The board concurred in the panel's recommendations that the applicant's current application be disapproved and that she be permitted to reapply. Applicant has not objected to the board's recommendation.

**Disposition**

**{¶ 7}** Pursuant to Gov.Bar R. I(11)(D)(1), applicants to the Ohio bar must prove by clear and convincing evidence that they "possess[ ] the requisite character, fitness, and moral qualifications for admission to the practice of law." Accordingly, "failure to provide requested information * * * or otherwise to cooperate in proceedings before the Board may be grounds for a recommendation of disapproval." Gov.Bar R. I(12)(C)(6). For example, this court recently disapproved an application for admission to the Ohio bar because the applicant failed to cooperate with the admissions process when he did not attend a scheduled hearing before a panel of the Board of Commissioners on Character and Fitness. *In re Application of Reynolds*, 127 Ohio St.3d 331, 2010-Ohio-5947, 939 N.E.2d 846.

**{¶ 8}** In the instant case, the applicant similarly failed to cooperate with the admissions process by ignoring repeated attempts by the panel chair to arrange

a telephone conference for purposes of scheduling a hearing before a panel of the Board of Commissioners on Character and Fitness. The applicant does not dispute that she failed to cooperate in the admissions process in this manner.

{¶ 9} Based on the foregoing, we accept the board's recommendation to disapprove the pending application. The applicant, however, may apply to take a future bar examination if she submits a new application *to register as a candidate for admission* to the practice of law and a new *application to take the bar examination* and cooperates with a complete character and fitness investigation, including an investigation and report by the National Conference of Bar Examiners, so that we may assess whether she possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____